UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. GOVERNMENT HEALTH & HUMAN SERVICES CHILD WELFARE SERVICES,<br><br>　　　　　Defendant. | Case No.  1:20-cv-1152-NONE-HBK<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>THIRTY-DAY DEADLINE<br><br>(Doc. No.  1) |

Plaintiff Isabel Valdez Vela, who is proceeding *pro* se, initiated this action by filing a Complaint for Violation of Civil Rights on August 17, 2020, against "U.S. Government Health and Human Services, Child Welfare Services." (Doc. No. 1 at 1, 2). The former magistrate judge granted Plaintiff's motion to proceed *in forma pauperis* on August 19, 2020.[1]  (Doc. No. 3).

The Complaint alleges Fourth Amendment violations, as well as violation under 18 U.S.C. § 241, § 242, and § 245, and 42 U.S.C. § 14141.[2] (*Id.* at 3-4).  To the extent discernable,

---

[1] The Court's Orders were previously returned as undeliverable. (*See* docket).  Following the Court's April 29, 2021 Order directing the address be updated on the docket, no mail has been returned to the Court as undeliverable.  (*Id.*).

[2] 18 U.S.C. § 241 governs conspiracy against rights.  18 U.S.C. § 242 governs deprivation of rights under color of state law.  18 U.S.C. § 245 governs federally protected activities.   42 U.S.C. § 14141 is no longer effective, governing public health and welfare, transferred to 34 U.S.C. § 1260, which is effective on January 1, 2022.

Plaintiff's claims stem from the removal of her children from her home on or about August 12, 2015.  (*Id.* at 4).  In the section of the Complaint form where Plaintiff is to provide <u>facts</u> underlying her claim, she lists only the following cryptic statements: "children taken without warrant," "social workers commit perjury;" "forced & held against my will," "my children kept against their will," "fraud," "conspiracy between law enforcement & CWS," "forced confessions," "intimidation" "fear," "corruption," and 'financial gain for defendant." (*Id*. at 4).  Plaintiff avers she suffered mental and emotional distress because she could not seek help for her depression or else the Child Protective Services would "hold it against her."  (*Id.* at 5).  Plaintiff states she lost her home, opportunity, health, finances, and family support.  (*Id.*)  As relief, Plaintiff seeks monetary and injunctive relief.  (*Id.* at 6).

## I. STANDARD OF REVIEW

A plaintiff may bring an action under 42 U.S.C. § 1983 to remedy violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws," that were perpetrated by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983; *see also Monell v. Dep't of Social Servs*., 436 U.S. 658, 690-95 (1978).  Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determine, *inter alia*, the action fails to state claim or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2)(B)(ii)-(iii).  However, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The Court does not accept as true allegations that are merely

conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Because plaintiff is *pro se*, the Court liberally construes the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## II.  APPLICABLE LAW AND ANALYSIS

Liberally construed, the Complaint appears to be attempting to state a Fourteenth Amendment Claim stemming from the removal of Plaintiff's children from her home by a state social worker. "Parents and children have a well-elaborated constitutional right to live together without governmental interference." *Wallis v. Spencer,* 202 F.3d 1126, 1136 (9th Cir. 2000). "The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1107 (9th Cir. 2001). Officials violate this right if a child is removed from the home absent "information at the time of the seizure that establishes 'reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'" *Id.* at 1106 (quoting *Wallis,* 202 F.3d at 1138). The Fourth Amendment also affords protection to the child from removal from their homes absent the same showing. *Doe v. Lebbos,* 348 F.3d 820, 827 n. 9 (9th Cir.2003). An official, including a social worker, who removes a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant. *Mabe,* 237 F.3d at 1108. *See also*

*Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007).

Here, Plaintiff's Complaint suffers from procedural and substantive defects. First, the complaint fails to allege facts in support of any constitutional claim. Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief"). The Complaint does not identify the circumstances attendant to Plaintiff's children being removed from her home. Plaintiff only states the children were removed without a warrant but does not provide any facts that exigent or other circumstances did not warrant removal.

Further, the Complaint names the "U.S. Government Health and Human Services, Child Welfare Services" as the sole defendant. An entity can only act through the acts of its agents. Plaintiff does identify an agent in her Complaint. A person wishing to pursue a § 1983 claim against a state entity may only sue the individual state officials or the employees involved. *Monell*, 436 U.S. at 690 (Eleventh Amendment does not forbid suing *state officials* for damages in their individual capacities, and for declaratory and injunctive relief in their official capacities, but there must be a policy, custom, or practice at issue). Plaintiff must identify the person acting under color of state law who allegedly violated her rights.

Finally, Plaintiff may only proceed on her claim if she timely filed her action within the limitations period. Plaintiff identifies August 12, 2015 as the date the allegedly improper acts occurred. (Doc. No. 1 at 4). California's two-year statute of limitations for personal injury actions applies to § 1983 claims brought in this Court. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Code Civ. Proc. § 335.1. The accrual date of a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a civil rights action accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint. An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff may use the Court's approved

Non-Prisoner Civil Rights Complaint Form is she wishes to should file her amended complaint and she must title it "First Amended Complaint." For each cause of action and each defendant, Plaintiff must allege facts sufficient to show that the defendant violated her civil rights. Plaintiff may not amend the complaint to add unrelated claims. If Plaintiff does not timely file an amended complaint, the undersigned will recommend that this action be dismissed for the reasons set forth *supra*. Alternatively, if Plaintiff does not believe she can correct the deficiencies identified above, Plaintiff may file a notice of voluntarily dismissal this action under Fed. R. Civ. P. 41(a)(1)(A)(1), which permits a plaintiff to dismiss an action as a right without court order before the defendant files an answer or motion for summary judgment.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file amended complaint within **thirty (30) days** of the date on the Order.

2. Plaintiff's failure to timely comply with this order or file a notice of voluntary dismissal will result in the recommendation that this case be dismissed without prejudice for the above reasons.

3. The Clerk shall enclose a blank copy of the Court's approved Non-Prisoner Civil Rights Complaint Form with this Order.

Dated: July 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE