UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT HEALTH AND HUMAN SERVICES, CHILD WELFARE,<br><br>Defendant. | Case No. 1:20-cv-01152-NONE-HBK<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

The undersigned recommends the district court dismiss the action for failure to state a claim, or alternatively for failure to prosecute by not timely complying with the Court's order directing her to file an amended complaint.

**BACKGROUND**

Plaintiff Isabel Valdez Vela initiated this action by filing a *pro* se complaint on August 17, 2020. (Doc. No. 1). The former magistrate judge granted Plaintiff's motion to proceed *in forma pauperis (*"IFP") on August 19, 2020. (Doc. No. 3). The IFP order was returned to the court as

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

1

undeliverable on August 31, 2020.  Likewise, the order re-assigning the case to the undersigned magistrate judge was returned as undeliverable on November 24, 2020.  Upon review of the docket, the undersigned magistrate judge issued a minute order noting that the complaint contained both a physical address and a different address identified as the "mailing address." (*See* Doc. No. 5).  Because the previous orders had been mailed only to the physical address, the Court directed the Clerk to update the docket to include the mailing address of record and resend the orders previously marked as "undeliverable."  (*Id*.).

Because Plaintiff had been granted IFP status, the Court conducted a screening of the Complaint; and, finding the Complaint deficient and filing to state a claim, directed Plaintiff to file an amended complaint within 30 days of receiving the July 26, 2021 order.  (Doc. No. 6).  In directing Plaintiff to file an amended complaint, the court noted that the complaint contained procedural and substantive defects.  (*Id.* at 4).  Specifically, the Court noted that the complaint did not include facts in support of any constitutional claims.  (*Id.*).  And, the sole defendant, the U.S. Government Health and Human Services, Child Welfare Services, was not a proper defendant. (*Id.* at 4).   Finding Plaintiff may be able to correct these deficiencies by filing an amended complaint, Plaintiff was permitted an opportunity to do so.  (*See generally Id.*).  However, the order warned Plaintiff that failure to timely file an amended complaint would result in the recommendation that this case be dismissed for the reasons set forth in the July 26, 2021 order. (*Id.* at 5, ¶ 2).  As of the date on this Findings and Recommendations and since updating the address of record to Plaintiff's identified mailing address, no orders have not been returned to the Court as undeliverable.  (*See* docket).   Nevertheless, Plaintiff has not timely filed an amended complaint as directed in the Court's order.

## APPLICABLE LAW AND ANALYSIS

For the reasons set forth below, the undersigned recommends the district court dismiss the action for failure to state a claim, or alternatively for failure to prosecute by not timely complying with the Court's order directing her to file an amended complaint.

**A.  Section 1915(e)(2)(b)(ii) dismissal for Failure to State a Claim**

2

Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determine, *inter alia*, the action fails to state claim or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii). However, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.

Liberally construed, the Complaint appears to be attempting to state a Fourteenth Amendment Claim stemming from the removal of Plaintiff's children from her home by a state social worker. "Parents and children have a well-elaborated constitutional right to live together without governmental interference." *Wallis v. Spencer,* 202 F.3d 1126, 1136 (9th Cir. 2000). "The Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1107 (9th Cir. 2001). Officials violate this right if a child is removed from the home absent "information at the time of the seizure that establishes 'reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.'" *Id.* at 1106 (quoting *Wallis,* 202 F.3d at 1138). The Fourth Amendment also affords protection to the child from removal from their homes absent the same showing. *Doe v. Lebbos,* 348 F.3d 820, 827 n. 9 (9th Cir.

2003). An official, including a social worker, who removes a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant. *Mabe,* 237 F.3d at 1108. *See also Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007).

Here, Plaintiff's Complaint suffers from procedural and substantive defects. First, the complaint fails to allege facts in support of any constitutional claim. Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief"). The Complaint does not identify the circumstances attendant to Plaintiff's children being removed from her home. Plaintiff only states the children were removed without a warrant but does not provide any facts that exigent or other circumstances did not warrant removal.

Further, the Complaint names the "U.S. Government Health and Human Services, Child Welfare Services" as the sole defendant. An entity can only act through the acts of its agents. Plaintiff does identify an agent in her Complaint. A person wishing to pursue a § 1983 claim against a state entity may only sue the individual state officials or the employees involved. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (Eleventh Amendment does not forbid suing *state officials* for damages in their individual capacities, and for declaratory and injunctive relief in their official capacities, but there must be a policy, custom, or practice at issue). The Complaint has not identified the person acting under color of state law who allegedly violated Plaintiff's rights.

Finally, it appears the action is barred by the applicable statute of limitations under California law. Plaintiff identifies August 12, 2015 as the date the allegedly improper acts occurred. (Doc. No. 1 at 4). California's two-year statute of limitations for personal injury actions applies to § 1983 claims brought in this Court. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Code Civ. Proc. § 335.1. The accrual date of a § 1983 claim is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a civil rights action accrues "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Thus, based on the complaint, it appears the action is barred by the statute of limitations.

Based on the foregoing reasons, the Court respectfully recommends that the district court dismiss the Complaint for failure to state a claim. Plaintiff was provided an opportunity to file an amended complaint to cure the deficiencies in her initial complaint but did not timely do so.

**B. Federal Rule of Civil Procedure 41(b)**

Alternatively, the undersigned recommends dismissal of the action for failure to prosecute. Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). This case has been pending since August 2020 and the only activity of record has been the Court's orders. (*See* docket). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the

nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Additionally, the instant dismissal is a dismissal *withou*t prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Federal Rule of Civil Procedure 41.

Accordingly, it is RECOMMENDED:

1. This case be dismissed without prejudice for failure to state a claim under 28 U.S.C. 28 U.S.C § 1915(e)(2)(B)(ii) or in the alternative for failure to prosecute under Federal Rule Civil Procedure 41.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: November 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE