UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. GOVERNMENT HEALTH AND HUMAN SERVICES, CHILD WELFARE,<br><br>　　　　Defendant. | Case No.: 1:20-cv-1152 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(Doc. 7) |

　　　　Isabel Valdez Vela asserts her children were wrongfully removed from her home without a warrant in 2015. In the complaint filed on August 17, 2020, Vela sought to hold the U.S. Government Health and Human Services, Child Welfare Services, liable for a violation of the Fourteenth Amendment, 18 U.S.C. §§ 241, 242, 245; and 42 U.S.C. § 14141. (*See generally* Doc. 1.)

　　　　On July 21, 2021, the magistrate judge found Vela's "Complaint suffers from procedural and substantive defects." (Doc. 6 at 4.) The magistrate judge observed Vela did not "allege facts in support of any constitutional claim." (*Id.*) For example, the magistrate judge noted Vela did "not identify the circumstances attendant to [her] children being removed from her home." (*Id.*) Vela also did not identify an agent of the government entity as the defendant, though "[a]n entity can only act through the acts of its agents." (*Id.*) Further, the magistrate judge observed that Vela identified "August 12, 2015 as the date the allegedly improper acts occurred," and the applicable two-year statute of limitations may bar Plaintiff's claim under the Fourteenth Amendment to the extent it was raised under 42 U.S.C. §

1983. (*Id.*) Given these procedural and substantive issues, the magistrate judge directed Vela to either file an amended complaint within thirty days or file a notice of voluntary dismissal if Vela believed the deficiencies could not be cured. (*Id.* at 5.)

After Vela failed to respond to the Court's order, the magistrate judge issued Findings and Recommendations on November 18, 2021. (Doc. 7.) The magistrate judge again noted the substantive and procedural defects of the complaint, and recommended the matter be dismissed for Vela's failure to state a claim. (*Id.* at 3-5.) In the alternative, the magistrate judge recommended the matter be dismissed due to the failure to prosecute the matter pursuant to Rule 41 of the Federal Rules of Civil Procedure, because Vela did not take any action after filing her complaint in August 2020. (*Id.* at 5-6.) Vela was granted fourteen days from the date of service to file any objections to the Findings and Recommendations. (*Id.* at 7.)

On December 1, 2021, Vela filed a document entitled "Amended Complaint, Objection to Fourteen-Day Objection Period." (Doc. 8 at 1.) Vela asserted that her "pleadings must be read and construed liberally" as she "is not licensed to practiced law." (*Id.* at 1, citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Birl v. Estelle*, 660 F.2d 592 (9th Cir. 1981).) Although Vela indicated her objection to receiving only fourteen days to respond to the Findings and Recommendations, she did not request an extension of time from the Court and was able to prepare substantive arguments and an amended complaint, which the Court now addresses.

In the Objections and Amended Complaint, Vela indicated that she alleged violations of her Fifth, Eleventh, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (Doc. 8 at 2-4.) Further, Vela sought to invoke the following criminal statutes: 18 U.S.C. § 241 (conspiracy); 18 U.S.C. § 242 (deprivation of rights); 18 U.S.C. § 287 (false, fictitious, or fraudulent claims); 18 U.S.C. § 371 (conspiracy to defraud the government); 18 U.S.C. § 1030 (major fraud); 18 U.S.C. § 1951 (interference with commerce); 18 U.S.C. § 1961 (racketeering); 18 U.S.C. § 2382 (misprision of treason); and 31 U.S.C. § 3729 (false claims). (*Id.* at 5-17.) Finally, Vela indicated she sought to challenge incentive payments authorized under 42 U.S.C. § 658, asserting payments to the state were "unconstitutional due to the financial incentives it creates." (*Id.* at 16-17.)

Notably, Vela again asserts the basis of her claims is the removal of her minor children from

her care, which occurred in August 2015.[1] (Doc. 8 at 18.) However, Vela did not address the timeliness issue identified by the magistrate judge, who observed that the Court applies the two-year statute of limitations under California law to claims arising under Section 1983. *See e.g., McDougal v. County of Imperial,* 942 F.2d 668, 672 (9th Cir. 1991) ("because § 1983 actions are best characterized as actions for injuries to personal rights, courts should borrow the state statute of limitations that applies to personal injury actions") (internal citation omitted); *see also* Cal. Code Civ. Proc. § 335.1 (2008). Vela also has not identified any circumstances that would warrant tolling of this statute of limitations until she filed her complaint on August 17, 2020. Consequently, any claims for violations of her constitutional rights brought under Section 1983 are untimely and barred by the applicable statute of limitations.

Moreover, Vela is unable to bring claims under the identified criminal statutes, which neither create a private right of action nor provide a basis for civil liability. *See, e.g., Thompson v. Thompson*, 484 U.S. 174, 179 (1998)) ("neither the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action"); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (affirming the dismissal of claims under 18 U.S.C. §§ 241 and 242 because the "criminal statutes… do no not give rise to civil liability"); *Kumar v. Naiman*, 2016 WL 397596, at *2 (E.D. Cal. Feb. 2, 2016) ("private citizens[] have no standing to prosecute criminal claims"). Only the federal government has the authority to prosecute the federal criminal claims. *See United States v. Nixon,* 418 U.S. 683, 693 (1974). Similarly, Vela fails to show she has standing to bring a claim challenging Section 658 and does not request any relief related to the statute. Thus, the identified government statutes do not undermine the findings of the magistrate judge that Vela failed to allege facts sufficient to support a timely claim upon which relief can be granted by this Court.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), and *Britt v. Simi Valley United School Dist*., 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations are supported by the record and proper analysis. Because Vela failed to cure the identified deficiencies in

---

[1] Previously, Vela indicated the removal of occurred on August 12, 2015. (Doc. 1 at 4.) In the Objections, she indicates her children were removed from her care on August 15, 2015. (Doc. 8 at 18.)

her "Amended Complaint" filed in response to the Findings and Recommendations, the Court finds further leave to amend would be futile and dismissal is appropriate. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (leave to amend is futile when the deficiencies cannot be cured).

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated November 18, 2021 (Doc. 7) are adopted.
2. The action is **DISMISSED** without prejudice; and
3. The Clerk of Court is directed to close this case, as this order terminates the matter in its entirety.

IT IS SO ORDERED.

Dated:   **March 1, 2022**

_____
UNITED STATES DISTRICT JUDGE